USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/6/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

SERITTA KLASS,

                  Petitioner,

        - against -

UNITED STATES OF AMERICA,

                  Respondent.

------------------------------------------------------------x

11 Cr. 893 (PAC)
17 Civ. 2896 (PAC)

**OPINION AND ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

Petitioner Seritta Klass ("Klass") instituted this 28 U.S.C. § 2255 petition to vacate and set aside her conviction and sentence on one count of conspiracy to commit health care fraud, in violation of 18 U.S.C. § 1349. The Petition is **DISMISSED** for lack of jurisdiction.

## BACKGROUND

The Government indicted Klass and eleven other co-defendants for conspiring to participate in a no-fault insurance fraud scheme that caused insurance carriers to payout reimbursements for medical treatments that were never provided to patients or that were medically unnecessary. See ECF 1 ("Indictment").[1] The indictment charged Klass for "urg[ing] patients to report to [the clinic involved in the conspiracy] for unnecessary treatments, prepar[ing] fraudulent patient sign-in sheets to make it appear that patients had come in for treatments that they in fact never received; and coach[ing] patients." *Id.* ¶12.

On January 25, 2013, Klass pleaded guilty to the charged count. See ECF 145 ("Plea Tr."). On June 20, 2013, Klass was sentenced to a term of Time Served, three years of supervised release (with a special condition of six months of home confinement), and forfeiture in the amount of $70,000. ECF 185 ("Consent Preliminary Order of Forfeiture / Money

---

[1] Unless noted otherwise, all ECF entries refer to those docketed under Case No. 11 Cr. 893.

1

Judgment"), 196 ("Sentencing Tr.") at 15:9–25. The judgment to that effect was entered on June 21, 2013. ECF 187. On September 3, 2013, the Court ordered Klass to pay restitution in the amount of $70,000, jointly and severally with other defendants. ECF 220, 273. Klass did not file any notice of appeal.

Klass has served her supervised release, including the home detention. *See* Case No. 17 Civ. 2896, ECF 3 ("Mem."), at 8 ("Ms. Klass completed 3 years of probation, which included 6 months of home confinement."). Klass states she is subject to a removal proceeding (File Number A044-267-964) due to her conviction. *Id.*

## DISCUSSION

This Court has limited jurisdiction to review a petition under 28 U.S.C. § 2255. Section 2255 states:

> "A prisoner *in custody* under sentence of a court ... *claiming the right to be released* ... may move the court which imposed the sentence to vacate, set aside or correct the sentence."

(Emphases added). "In order to invoke habeas corpus review by a federal court, the petitioner must satisfy the jurisdictional 'in custody' requirement of 28 U.S.C. § 2255." *Scanio v. United States*, 37 F.3d 858, 860 (2d Cir. 1994). "A district court is without jurisdiction to entertain a writ of habeas corpus or a § 2255 motion if the relator or movant is not in custody." *United States v. Brilliant*, 274 F.2d 618, 620 (2d Cir. 1960).

The Court determines that Klass was not "in custody" when she filed this petition. She was not in physical custody, nor was she under supervised release. *See* Mem. at 8. She was subject to a removal proceeding, but such "collateral immigration consequences [of the conviction] ... are not sufficient to satisfy" the "in custody" requirement. *Guzman v. United States*, 2011 WL 6097128, at *3 (S.D.N.Y. 2011) (collecting cases); *see also Adegbuji v. United*

2

*States*, 2003 WL 21961122, at *3 (S.D.N.Y. 2003) (finding that "current INS incarceration is a collateral consequence of his convictions" that is insufficient to establish the requisite custody).

The unsatisfied restitution and forfeiture orders do not make up for the "in custody" deficit. While the Second Circuit has not "yet foreclosed the possibility that a restitution order might entail a sufficiently severe restraint on liberty ... as to amount to a form of custody," *Kaminski v. United States*, 339 F.3d 84, 87 (2d Cir. 2003), "that will likely be a rare situation." *Gonzalez v. United States*, 792 F.3d 232, 237 (2d Cir. 2015). "The same goes for orders of forfeiture." *Pinhasov v. United States*, 2018 WL 550611, at *3 (S.D.N.Y. 2018) (citing *Kaminski*). The forfeiture and restitution orders in the moderate amount of $70,000 are not that "rare situation." *Gonzalez*, 792 F.3d at 237. The joint and several requirement to pay back what was unlawfully taken is not a "sufficiently severe restraint on liberty." *Kaminski*, 339 F.3d at 87.

For the foregoing reasons, the Court determines that Klass was not "in custody" at the time she filed the instant petition. Accordingly, the Court dismisses the petition for want of jurisdiction.

Dated: New York, New York
March 6, 2018

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge